UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

04-C 12111 REK

MAGISTRATE JUDGE Alexander

ASMARA, INC.,
    Plaintiff,

v.

AGA JOHN ORIENTAL RUGS
and
JERRY ILLOULIAN,
    Defendants.

Civil Action No. _____
RECEIPT # _____
AMOUNT $ 150
SUMMONS ISSUED yes
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY CLK. _____
DATE 10/5/04

## COMPLAINT

This is an action for infringement of copyright in five original carpet designs created and owned by plaintiff Asmara, Inc. ("Asmara"). Asmara hereby complains of defendants as follows:

### Parties

1. Asmara is a Massachusetts corporation having its principal place of business at 88 Black Falcon Avenue, Boston, MA 02210. It is engaged in the business of designing, manufacturing, importing and selling fine carpets, many of which embody original and proprietary designs. Asmara is the copyright owner of the works at issue in this case.

2. Defendant Aga John Oriental Rugs ("Aga John") is, according to plaintiff's information and belief, a company having a principal place of business at Suite #B130, Pacific Design Center, 8687 Melrose Avenue, Los Angeles, California. According to plaintiff's information and belief, defendant also has a place of business in this District, having recently opened an additional showroom in the Boston Design Center, One

Design Center Place, Boston, MA 02210. It is engaged in the business of manufacturing, importing, and/or selling carpets.

3. Defendant Jerry Illoulian is, according to Asmara's information and belief, the President or otherwise the chief executive or operating officer of defendant Aga John. Asmara is informed and believes that he has the power and authority to direct the actions of Aga John and has a direct financial interest in the copyright infringement described in this Complaint.

## Jurisdiction and Venue

4. This Court has jurisdiction over the subject matter of this Complaint under 28 U.S.C. § 1338(a).

5. Venue is appropriate in this Court under 28 U.S.C. §1400(a).

## Count I

## Infringement of "Margate" Design

6. In 1993, plaintiff Asmara caused a new carpet design to be created by a freelance designer, Elizabeth Moisan ("Moisan"), in close consultation with Asmara's President Abid Ilahi. Asmara gave the name "Margate" to this new carpet design, and caused copies of it to be manufactured for sale. The first "Margate " carpet was sold on or about December 13, 1994. A photographic reproduction of the "Margate" design is attached hereto as Exhibit A.

7. Asmara obtained from the designer an assignment of her copyright in the Margate design, and subsequently caused copyright in the Margate design to be registered in the United States Copyright Office on or about May 24, 1999. A copy of its Certificate of Registration, No. VA 981-824, is attached hereto as Exhibit B.

8. Asmara is informed and believes that defendant Aga John has been importing and selling knockoff copies of Asmara's "Margate" carpet. It has been doing so without authorization from Asmara.

9. Asmara first learned of Aga John's unauthorized carpet in April 2003 when it obtained price quotations and photos of Aga John's infringing carpets. A photo of Aga John's IN10547 carpet, that infringes on Asmara's "Margate" design, is attached hereto as Exhibit C (top photo).

10. Defendants' actions in importing and selling these unauthorized carpets constitute infringement of Asmara's copyright in the "Margate" design, in willful violation of Asmara's rights under the copyright laws of the United States, specifically 17 U.S.C. §§106 and 602.

11. Defendant Aga John is liable as a direct infringer of Asmara's copyright.

12. Defendant Jerry Illoulian is responsible, in whole or in part, for establishing the policies and procedures that have led to Aga John's sale of unauthorized copies of Asmara's design. At all times relevant he has been in a position to control the infringement described in this Complaint, and has had a direct financial stake in the infringing activity. He is therefore liable either directly, or on a contributory or vicarious basis, for each infringement of plaintiff's copyrights.

13. Asmara is informed and believes that defendants sell their knockoffs of the "Margate" design at a substantially lower price than Asmara asks for its genuine "Margate" carpets.

14. Based on the above information and its knowledge of the rug trade, Asmara believes that

a. Defendants' unlawful sales of their infringing copies of the "Margate" design have deprived Asmara of substantial income that it would otherwise have obtained from selling its "Margate" carpets, and

b. Defendants' unlawful sales have garnered substantial profits to which defendants are not entitled.

**Count II**

**Infringement of "Carlise" Design**

15. In 1993 plaintiff Asmara caused a new carpet design to be created by its President Abid Ilahi in collaboration with free-lance artist Moisan. Since June of 1995, Asmara has sold carpets of this design under the name "Carlise." A photographic copy of a "Carlise" carpet is attached hereto as Exhibit D.

16. Asmara caused its copyright in the "Carlise" design to be registered in the United States Copyright Office on or about May 24, 1999. A copy of its Certificate of Registration, No. VA 981-825, is attached hereto as Exhibit E.

17. Asmara is informed and believes that defendant Aga John has been importing and selling knockoff copies of Asmara's "Carlise" carpet. It has been doing so without authorization from Asmara.

18. Asmara first learned of Aga John's unauthorized carpet in April 2003 when it obtained price quotations and photos of Aga John's infringing carpets. A photo of Aga John's IN10465 carpet, that infringes on Asmara's "Carlise" design is attached hereto as Exhibit C (center photo.)

19. Defendants' actions in importing and selling these unauthorized carpets constitute infringement of Asmara's copyright in the "Carlise" design, in willful violation of Asmara's rights under the copyright laws of the United States, specifically 17 U.S.C. §§106 and 602.

20. Defendant Aga John is liable as a direct infringer of Asmara's copyright.

21. Defendant Jerry Illoulian is responsible, in whole or in part, for establishing the policies and procedures that have led to Aga John's sale of unauthorized copies of Asmara's design. At all times relevant he has been in a position to control the infringement described in this Complaint, and has had a direct financial stake in the infringing activity. He is therefore liable either directly, or on a contributory or vicarious basis, for each infringement of plaintiff's copyrights.

22. Asmara is informed and believes that defendants sell their knockoffs of the "Carlise" design at a substantially lower price than Asmara asks for its genuine "Carlise" carpets.

23. Based on the above information and its knowledge of the rug trade, Asmara believes that

    a.    Defendants' unlawful sales of their infringing copies of the "Carlise" design have deprived Asmara of substantial income that it would otherwise have obtained from selling its "Carlise" carpets, and

    b.    Defendants' unlawful sales have garnered substantial profits to which defendants are not entitled.

## Count III

### Infringement of "Soleil" Design

24. In 1994, plaintiff Asmara caused a new carpet design to be created by freelance designer Moisan, in close consultation with Asmara's President Abid Ilahi. The design, seen from any side, depicts a seemingly random row of wildflowers. The design creates the illusions that the edge of the carpet is at ground level and that the flowers are seen against the sky, which is the neutral colored background of the carpet. A photographic image of a carpet made on this design, which Asmara sells under the name "Soleil," is attached hereto as Exhibit F.

25. The first "Soleil" carpet was sold on or about October 16, 1995.

26. Asmara obtained from the designer an assignment of her copyright in the Soleil design, and subsequently caused copyright in the Soleil design to be registered in the United States Copyright Office on or about May 24, 1999. A copy of its Certificate of Registration, No. VA 981-826, is attached hereto as Exhibit G.

27. Defendant Aga John has been importing and selling knockoff copies of Asmara's "Soleil" carpet. It has been doing so without authorization from Asmara.

28. Asmara first learned of Aga John's unauthorized carpet in April 2003 when it obtained price quotations and photos of Aga John's infringing carpets. A photo of Aga John's #10546 carpet, that infringes on Asmara's "Soleil" design is attached hereto as Exhibit H.

29. Defendants' actions in importing and selling these unauthorized carpets constitute infringement of Asmara's copyright in the "Soleil" design, in willful violation

of Asmara's rights under the copyright laws of the United States, specifically 17 U.S.C. §§106 and 602.

30. Defendant Aga John is liable as a direct infringer of Asmara's copyright.

31. Defendant Jerry Illoulian is responsible, in whole or in part, for establishing the policies and procedures that have led to Aga John's sale of unauthorized copies of Asmara's design. At all times relevant he has been in a position to control the infringement described in this Complaint, and has had a direct financial stake in the infringing activity. He is therefore liable either directly, or on a contributory or vicarious basis, for each infringement of plaintiff's copyrights.

32. Asmara is informed and believes that defendants sell their knockoffs of the "Soleil" design at a substantially lower price than Asmara asks for its genuine "Soleil" carpets.

33. Based on the above information and its knowledge of the rug trade, Asmara believes that

    a. Defendants' unlawful sales of their infringing copies of the "Soleil" design have deprived Asmara of substantial income that it would otherwise have obtained from selling its "Soleil" carpets, and

    b. Defendants' unlawful sales have garnered substantial profits to which defendants are not entitled.

## Count IV

### Infringement of "Directoire" Design

34. In 1991, plaintiff Asmara caused a new carpet design to be created by its President Abid Ilahi in collaboration with free-lance artist Casdorf. A photographic

image of the design, which Asmara sells under the name "Directoire," is attached hereto as Exhibit I.

35. The first "Directoire" carpet was offered for sale on or about May 1, 1991.

36. The freelance artist has assigned all rights in the design to Asmara and Asmara has caused all steps necessary to the registration of its copyright in the "Directoire" design in the United States Copyright Office, namely the filing of an application and fee and required identifying material.

37. Defendant Aga John has been importing and selling knockoff copies of Asmara's "Directoire" carpet. It has been doing so without authorization from Asmara.

38. Asmara first learned of Aga John's unauthorized carpet in April 2003 when it obtained price quotations and photos of Aga John's infringing carpets. A photo of Aga John's 9467 carpet, that infringes on Asmara's "Directoire" design is attached hereto as Exhibit C (bottom photo.)

39. Defendants' actions in importing and selling these unauthorized carpets constitute infringement of Asmara's copyright in the "Directoire" design, in willful violation of Asmara's rights under the copyright laws of the United States, specifically 17 U.S.C. §§106 and 602.

40. Defendant Aga John is liable as a direct infringer of Asmara's copyright.

41. Defendant Jerry Illoulian is responsible, in whole or in part, for establishing the policies and procedures that have led to Aga John's sale of unauthorized copies of Asmara's design. At all times relevant he has been in a position to control the infringement described in this Complaint, and has had a direct financial stake in the

infringing activity. He is therefore liable either directly, or on a contributory or vicarious basis, for each infringement of plaintiff's copyrights.

42. Asmara is informed and believes that defendants sell their knockoffs of the "Directoire" design at a substantially lower price than Asmara asks for its genuine "Directoire" carpets.

43. Based on the above information and its knowledge of the rug trade, Asmara believes that

> a. Defendants' unlawful sales of their infringing copies of the "Directoire" design have deprived Asmara of substantial income that it would otherwise have obtained from selling its "Directoire" carpets, and
>
> b. Defendants' unlawful sales have garnered substantial profits to which defendants are not entitled.

## Count V

### Infringement of "Chalamont" Design

44. In 1993, plaintiff Asmara caused a new carpet design to be created by its President Abid Ilahi in collaboration with free-lance artist Casdorf. A photographic image of the design, which Asmara sells under the name "Chalamont," is attached hereto as Exhibit J.

45. The first "Chalamont" carpet was offered for sale on or about November 15, 1993.

46. The freelance artist has assigned all rights in the design to Asmara and Asmara subsequently caused copyright in the "Chalamont" design to be registered in the

United States Copyright Office on or about June 30, 2004. A copy of its Certificate of Registration, No. VA 1-266-871, is attached hereto as Exhibit K.

47. Defendant Aga John has been importing and selling knockoff copies of Asmara's "Chalamont" carpet. It has been doing so without authorization from Asmara.

48. Asmara first learned of Aga John's unauthorized carpet in April 2003 when it obtained price quotations and photos of Aga John's infringing carpets. A photo of Aga John's #10740 carpet, that infringes on Asmara's "Chalamont" design is attached hereto as Exhibit L.

49. Defendants' actions in importing and selling these unauthorized carpets constitute infringement of Asmara's copyright in the "Chalamont" design, in willful violation of Asmara's rights under the copyright laws of the United States, specifically 17 U.S.C. §§106 and 602.

50. Defendant Aga John is liable as a direct infringer of Asmara's copyright.

51. Defendant Jerry Illoulian is responsible, in whole or in part, for establishing the policies and procedures that have led to Aga John's sale of unauthorized copies of Asmara's design. At all times relevant he has been in a position to control the infringement described in this Complaint, and has had a direct financial stake in the infringing activity. He is therefore liable either directly, or on a contributory or vicarious basis, for each infringement of plaintiff's copyrights.

52. Asmara is informed and believes that defendants sell their knockoffs of the "Chalamont" design at a substantially lower price than Asmara asks for its genuine "Chalamont" carpets.

53. Based on the above information and its knowledge of the rug trade, Asmara believes that

> a. Defendants' unlawful sales of their infringing copies of the "Chalamont" design have deprived Asmara of substantial income that it would otherwise have obtained from selling its "Chalamont" carpets, and
>
> b. Defendants' unlawful sales have garnered substantial profits to which defendants are not entitled.

UPON THE BASIS OF THE FOREGOING FACTS, Asmara prays that this Honorable Court:

A. Issue a preliminary order enjoining defendants, and all those acting in concert with them or who have obtained copies of Aga John's infringing carpet for resale, from all further manufacture, importation, and distribution of such carpets, during the pendency of this litigation;

B. Issue an order permanently enjoining defendants, and all those acting in concert with them or who have obtained copies of Aga John's infringing carpet for resale, from all further manufacture, importation, and distribution of such carpets;

C. Award Asmara all of its direct and consequential damages arising from defendants' infringement and contributory infringement of copyright.

D. Award Asmara an accounting of defendants' profits from infringement and of the profits of those to whose infringement defendants have contributed.

E. Award Asmara its reasonable attorneys' fees, costs of suit and interest.

F. Award Asmara such other and further relief as the Court deems just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL COUNTS.**

ASMARA, INC.

By its attorneys,

10.4.04
Date

*Amy C. Mainelli*
William S. Strong, Esq., BBO #483520
Amy C. Mainelli, Esq., BBO #657201
KOTIN, CRABTREE & STRONG, LLP
One Bowdoin Square
Boston, MA 02114
(617) 227-7031
(617) 367-2988 (fax)

WSS/Asmara/Aga/ Complaint 10.4.04