UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ASMARA, INC.,<br>    Plaintiff,<br><br>    v.<br><br>AGA JOHN ORIENTAL RUGS<br>    and<br>JERRY ILLOULIAN,<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>) Civil Action No. 04cv12111 REK<br>)<br>)<br>)<br>)<br>)<br>) |

### PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND TO EXTEND THE DEADLINE FOR DISCOVERY

Pursuant to Rule 37 of the Federal Rules of Civil Procedure, plaintiff Asmara, Inc. ("Plaintiff") hereby moves that this Court order defendants Aga John Oriental Rugs and Jerry Illoulian ("Aga John" or "Defendants") to produce the documents requested in Plaintiff's First Request for the Production of Documents to Defendants, served on Defendants July 1, 2005, and to produce the documents requested in Plaintiff's Second Request for the Production of Documents to Defendants, served on Defendants January 27, 2006, within seven days of the Court's Order.

Plaintiff further moves that this Court extend the deadline for the close of discovery from March 31, 2006 to July 31, 2006, and the deadline for dispositive motions pursuant to FRCP Rule 56 to September 30, 2006. A proposed form of Order is attached hereto as Exhibit A.

In support of its motion, Plaintiff states the following:

1. Plaintiff served its First Request For Production of Documents upon the Defendants on July 1, 2005. See cover letter attached hereto as <u>Exhibit B</u>, which is addressed to counsel for the Defendants, Andrew Epstein.

2. Defendants produced documents Bate-stamped 1001 through 1142 on August 2, 2005. However, these documents were responsive to only three of Plaintiff's eleven document requests and consisted primarily of correspondence with Plaintiff and "examples" of invoices and Aga John catalog pages that had already been produced in settlement negotiations. As far as can be determined, none of these documents concerned any of the copyrighted designs at issue in this case.

3. Undersigned counsel raised these issues with Defendants' counsel in a telephone conversation on August 25, 2005. Defendants' counsel explained that the documents produced were merely initial disclosures and that Defendants would be producing additional documents in response to Plaintiff's requests.

4. Despite Defendants' assurances that additional documents would be produced, Plaintiff received no further response. Plaintiff sent a letter to Defendants on January 27, 2006, outlining the outstanding discovery requests and enclosing responses to Defendants' discovery requests. Plaintiff asked that Defendants supplement their discovery responses no later than February 6, 2006, given that the discovery deadline was approaching at the end of March 2006. In addition, Plaintiff served Plaintiff's Second Request for the Production of Documents on Defendants. A copy of the January 27, 2006 letter without enclosures is attached hereto as <u>Exhibit C</u>.

5. Defendants failed to respond and undersigned counsel contacted Defendants' counsel again by telephone on March 3, 2006. Defendants' counsel apologized for the delay

and assured Plaintiff that additional documents would be produced no later than March 10, 2006. Plaintiff's counsel expressed concern given the discovery deadline approaching, but Defendants' counsel assured her additional documents would be produced in the coming week.

6. Again, Defendants did not produce any additional documents and Plaintiff began preparing a Motion to Compel. Defendants' counsel telephoned Plaintiff's counsel on March 16, 2006, promising to send additional documents the following day. Plaintiff's counsel repeated her concern about the approaching discovery deadline, but did not file a Motion to Compel given Defendants' representations.

7. On March 17, 2006, Plaintiff received eighteen pages of additional documents from Defendants, Bate-stamped 1143-1161. A copy of the March 17, 2006 letter from defendants' counsel, without enclosures, is attached hereto as Exhibit D. There was no indication in the letter that such documents constitute an exhaustive response to Plaintiff's document requests and, in fact, they did not include any documents responsive to Plaintiff's Second Request for Production of Documents.

8. Plaintiff's counsel contacted Defendants counsel by telephone on March 27, 2006 to inquire whether Defendants would be producing additional documents and expressing alarm that the discovery deadline was approaching at the end of the week. Defendants have not responded to date.

9. Plaintiff has made every effort to avoid the time and expense of motion practice by providing ample opportunities for Defendants to comply with their discovery obligations voluntarily. They have not done so. There is no good reason for further avoidance or delay. As outlined above, undersigned counsel has conferred and attempted to

confer with counsel for the Defendants before filing the present motion, but they have been unable to resolve the issues raised herein.

10. Plaintiff and Defendants submitted a Joint Statement Pursuant to Local Rule 16.1(D) on June 8, 2005 proposing that discovery close by March 31, 2006, which the Court accepted.

11. Given the failure of Defendants to comply with their discovery obligations, it is impossible for Plaintiff to complete discovery by the current deadline. Plaintiff has, as is common, deferred the taking of depositions and the service of interrogatories and requests for admission pending examination of Defendants' documents. Therefore, given Defendants' failure to produce documents, this case has not advanced beyond the earliest stage of discovery.

    WHEREFORE, Plaintiff requests that this honorable Court:

A. Enter an Order (i) compelling Defendants to provide full and complete responses, including production of all responsive documents, to Plaintiff's First and Second Document Requests to Defendants, within seven days of the date of such Order, (ii) extending the deadline for the close of discovery from March 31, 2006 to July 31, 2006, and (iii) extending the deadline for dispositive motions pursuant to FRCP Rule 56 to September 30, 2006; and

B. Grant Plaintiff its attorneys' fees incurred in bringing this Motion to Compel.

ASMARA, INC.,
Plaintiff,

By its attorneys,

Dated: March 28, 2006

/s/ Amy C. Mainelli
William S. Strong, Esq., BBO #483520
Amy C. Mainelli, Esq., BBO #657201
KOTIN, CRABTREE & STRONG, LLP
One Bowdoin Square
Boston, MA 02114
(617) 227-7031
(617) 367-2988 (fax)

## CERTIFICATE OF SERVICE

I, Amy C. Mainelli, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent by first class mail to those indicated as non registered participants on March 28, 2006.

/s/ Amy C. Mainelli
Amy C. Mainelli

WSS/Asmara/Aga/ motion to compel