# KOTIN, CRABTREE & STRONG, LLP

ATTORNEYS AT LAW

ONE BOWDOIN SQUARE

BOSTON, MASSACHUSETTS 02114-2925

TELEPHONE (617) 227-7031

FACSIMILE (617) 367-2988

EMAIL KCS@KCSLEGAL.COM

WWW.KCSLEGAL.COM

LAWRENCE KOTIN
ROBERT K. CRABTREE
WILLIAM S. STRONG*
DOLPH J. VANDERPOL
ABBOTT L. REICHLIN
ANNE L. JOSEPHSON
JOSEPH B. GREEN
MARIE F. MERCIER
ELIZABETH J. BAILEY
NICHOLAS M. KELLEY
RENÉ D. VARRIN
SHAREN LITWIN
EILEEN M. HAGERTY
DANIEL T.S. HEFFERNAN

*ALSO ADMITTED IN NH

AMY H. WEINSTEIN
LAUREL H. SIEGEL
SHERRY L. RUSCHIONI
AMY C. MAINELLI**

**ALSO ADMITTED IN RI

January 27, 2006

Andrew Epstein, Esq.
Barker, Epstein & Loscocco
10 Winthrop Square
Boston, MA 02110

Re:   Asmara, Inc. v. Aga John Oriental Rugs, et al
      Civil Action No.: 04cv12111 REK

Dear Drew:

This matter seems to have fallen off the radar screen and we are anxious to get discovery back on track.

Enclosed please find:

(i)   Plaintiff's Response to Defendants' First Set of Interrogatories;
(ii)  Plaintiff's Response to Defendants' First Set of Requests for Production of Documents;
(iii) Initial documents in Response to those Requests, bates numbered P0001 to P0103;
(iv)  Plaintiff's Second Request for Production of Documents; and
(v)   a draft Confidentiality Agreement.

We are in the process of gathering additional documents in response to your requests and per the response to Defendants' First Set of Requests for Production of Documents, additional documents will be produced upon execution of the Confidentiality Agreement.

For the time being, we are limiting our response to your requests relating to other infringement actions brought by Asmara. We are happy to produce to you the documents that we produced to the other parties in those actions. We see no reason to produce

Andrew Epstein, Esq.
January 27, 2006
Page 2 of 4

copies of all the pleadings; if you will identify for us which pleadings you want from the docket we will be happy to provide them. Few, we think, will be relevant. As for documents produced by the defendants in those cases, we dispute their relevance and ask that you try to narrow your request. In any case we are not at liberty to produce financial records, and if you really believe you need to see those, and can justify their relevance, we will have to involve those parties' attorneys. We object on the grounds of relevance and confidentiality to settlement communications and agreements in those actions as well. As for other communications between counsel during the pendency of those cases, we fail to see how they are relevant to this action and ask that you give us some justification for what will be a burdensome production.

Even with the above reservations, it is fair to say that we have made a substantial production in response to your discovery requests. The same cannot be said of your client. The last time we spoke regarding Plaintiff's First Request for Production of Documents, back in August of last year, you indicated that the documents produced to date were initial documents, but that you anticipated producing more upon further investigation. We have not received any additional documents to date.

It appears you have not produced any documents responsive to request numbers 1 through 4, 7 through 9, or 11 of Plaintiff's First Request for Production of Documents.

You have produced some correspondence with us in response to Document Request Number 6, although even there the production is incomplete: at least one letter I wrote to Richard Davidoff in February 2005 is missing, as are multiple e-mails between us.

Request Number 5 asked for all documents that concern sales of the designs at issue by Aga John, including but not limited to bankbooks and statements, purchase orders, invoices, and so forth. You have only produced "examples" of invoices, all dated 2004, which Richard Davidoff had already e-mailed to me back in December 2004. There is nothing to connect these invoices to specific carpet designs at issue. They include an invoice number, date, sales person and price. There is a space for "Rug No." that is always left blank and a space for a "Description," which typically says something like "8x10 Floral Needlepoint." Other descriptions include Fruit Black Needlepoint, Red Pakistani, Ivory Floral Needlepoint, Blue Border Hemp, NPW9 Blue Needlepoint, ABS018 Needlepoint, ABS 0118, NPW-9 Yellow Trellace, and so forth. This leads us to believe that there must be a method to identify invoices for specific designs, or at the least specific categories, of carpets, despite your client's protestations to the contrary.

Request No. 10 asked for all carpet catalogs of Aga John from 2001 to the present. You have produced what we assume to be the current catalog, but it bears no date. The catalog does include design numbers or some type of name or number for each carpet, some more specific than others. For example, Floral Spray 7459, NPW9 Black, NPW9 Yellow, Design #1003 Wool and Silk, 2010 Black/Beige, 97/15 Black, and so

Andrew Epstein, Esq.
January 27, 2006
Page 3 of 4

forth. This also suggests that contrary to Aga John's claims, it keeps track of inventory or sales using some type of identifying number or design.

The majority of the documents produced are the same as those produced by Richard Davidoff in December 2004. On February 22, 2005, we sent Davidoff a letter that said the information provided to date, including the examples of Aga John invoices from 2004 and various pages of an Aga John catalog, was incomplete and insufficient. This is identical to the information that has been produced now. Aga John claims that there is no way to track the sale of the designs at issue. However, the Aga John website and catalog include various design numbers and such numbers are included in some of the sample invoices provided.

The following list was included in the letter of February 22, 2005, based on information from Asmara:

| Aga John Design Number | Asmara Design Name and Number |
|---|---|
| 10547 | Margate, 2087CG |
| 10465 | Carlise, 2134Y |
| 10546 | Soliel, 2088CG |
| 9467 | Directoire, 2014G |
| 10740 | Chalamont, 2069BG. |

The numbers listed as Aga John Design Numbers may have been Aga John inventory numbers, but in either case Aga John should be able to produce some more specific documentation regarding the carpets at issue.

In the letter of February 22, 2005, we had asked that you use these numbers to provide all shipping invoices, bills of lading, or similar documentation concerning the importation of carpets in every size of the aforementioned designs or any carpet that resembles the foregoing in whole or in part; and all documents that concern sales of carpets in every size of the aforementioned designs or any carpet that resembles the foregoing in whole or in part, including but not limited to purchase orders, invoices, bills, order forms or receipts. We have never received any additional information.

The letter of February 22, 2005 also asked that Aga John review its inventory and let us know which Asmara designs are present, how many of each, the size and weave, noting that some of these designs are seen in different color schemes ("colorways," in industry jargon) or that sometimes part of a design is copied rather than the whole thing. We asked for an accounting of all the weaves and colorways that Aga John has or had of

Andrew Epstein, Esq.
January 27, 2006
Page 4 of 4

a particular design. The inventory initially provided by Richard Davidoff in November 2004 has not been supplemented to date.

    I must ask that you revisit our discovery requests and supplement your responses with as much thoroughness as possible, no later than February 6, 2006. Otherwise we will have no choice but to bring this matter to the Court's attention. If you would like to discuss these issues further, please contact me or Bill Strong.

    Finally, given the status of things, we are concerned whether discovery can be wrapped up by the deadline earlier agreed upon. If it becomes necessary to request an extension, may we count on your cooperation?

                                            Very truly yours,

                                            Amy C. Mainelli

Enclosures
cc:    M. Abid Ilahi
       William S. Strong, Esq.