UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ASMARA, INC.,<br>　　Plaintiff,<br><br>　　　v.<br><br>AGA JOHN ORIENTAL RUGS<br>　　and<br>JERRY ILLOULIAN,<br>　　Defendants. | Civil Action No. 04cv12111 WGY |

JOINT PRETRIAL MEMORANDUM

Pursuant to the Court's Procedural Order Re: Final Pretrial Conference/Trial of August 4, 2006, the plaintiff Asmara, Inc. ("Plaintiff" or "Asmara") and defendants Aga John Oriental Rugs and Jerry Illoulian ("Defendants" or "Aga John") hereby submit their Joint Pretrial Memorandum in anticipation of trial, scheduled for October, 2006.

**1. Summary of Evidence**

**(a) Evidence offered by Plaintiff**

**(i) Liability**

Plaintiff's evidence to establish liability for copyright infringement consists of the following:

Plaintiff's Ownership of Valid Copyrights

1. The testimony of Abid Ilahi ("Ilahi"), President of Asmara and the author or co-author of each design at issue.

2. The testimony of Elizabeth Moisan, the co-author of three of the designs at issue.

3. The inspiration for those carpet designs that are not wholly original.

4. The copyright assignment from any co-author granting Asmara all copyright in said designs.

5. The copyright registration for each design at issue.

6. A sample carpet of each of Asmara's copyrighted designs.

7. Photographs or other depictions of each of Asmara's copyrighted designs.

Copying by Defendants

1. Copies of Aga John's infringing designs.

2. Testimony of Jerry Illoulian regarding infringing designs.

3. Testimony of Abid Ilahi regarding infringing designs and substantial similarity.

**(ii) Damages**

Plaintiff's evidence to establish damages for copyright infringement consists of the following:

Lost Profits

1. Purchase Order Details from Aga John for some designs at issue.

2. Aga John's inventory of rugs in stock, a compilation of information regarding rugs sold and Jerry Illoulian's testimony regarding same.

3. Plaintiff's compilation of this information into net profit made by Aga John for sales of each design at issue.

4. Documentation and testimony regarding Asmara's selling price and costs for each design at issue.

5. Plaintiff's compilation of this information into net loss of Asmara due to Aga John's sales of each design at issue.

Statutory Damages and Willfulness

1. Documents or testimony regarding Aga John's knowledge or implied knowledge of the copyright protection afforded the designs at issue, and regarding when Aga John first became aware of Asmara's copyrighted designs.

2. Documents or testimony regarding any sales of those copyrighted designs after the date(s) Aga John had knowledge, actual or constructive, of Asmara's copyrights.

**(b) Evidence offered by Defendants**

**(i) Liability**

Documents or testimony that some or all of the carpet designs are in the public domain or are otherwise not copyrightable designs; that Defendants did not copy Plaintiff's designs or otherwise violate any provisions of the Copyright Act; that Plaintiff's alleged claims are barred or diminished as alleged in Defendants' affirmative defenses.

Documents and testimony to show Plaintiff's carpet designs and Defendants' allegedly infringing designs.

Documents and testimony of Abid Ilahi regarding business in China, copying of carpet designs, inventory, sales showrooms, sales through dealers, and distribution of catalogs.

Various staff of Aga John Oriental Rugs to testify as to computer records and documents of the company.

**(ii) Damages**

Documents and/or testimony to show that Plaintiff is not entitled to actual damages or profit damages for the alleged infringement of the carpet designs; that Plaintiff is not entitled to Statutory Damages; and that any possible infringement of the carpet designs as alleged was innocent; that Plaintiff's alleged damages are barred or diminished as alleged in Defendants' affirmative defenses.

**(c) Evidence offered by Other Parties**

Evidence from Stark Carpet or John Stark, including various Stark documents.

**2. Statement of Facts established by Pleadings, Stipulation or Admissions**

Plaintiff has alleged that Defendants have been selling infringing copies of five of its copyrighted designs: Soleil, Margate, Carlise, Directoire and Chalamont.

All of the carpets at issue have been registered by Asmara, Inc. in the United States Copyright Office and their Certificates of Registration are attached as Exhibits to the Complaint as detailed *infra*. For Asmara's Soleil, Margate and Carlise designs, the Certificate of Registration constitutes prima facie evidence of copyrightability and accuracy of the facts in the Certificate because the work was registered within five years after first publication. 17 U.S.C. § 410. Defendants maintain that such *prima facie* evidence is rebuttable.

**Soleil**

"Soleil" was registered in the United States Copyright Office on or about May 24, 1999, and its Certificate of Registration is VA 981-826. See Exhibit G to the Complaint.

Plaintiff maintains that the Copyright Certificate of Registration speaks for itself and is *prima facie* evidence of copyrightability and the accuracy of the facts in the Certificate. Defendants claim that the facts are rebuttable.

**Margate**

"Margate" was registered in the United States Copyright Office on or about May 24, 1999, and its Certificate of Registration is No. VA 981-824. See Exhibit B to the Complaint.

Plaintiff maintains that the Copyright Certificate of Registration speaks for itself and is prima *facie evidence* of copyrightability and the accuracy of the facts in the Certificate. Defendants claim that the facts are rebuttable.

**Carlise**

"Carlise" was registered in the United States Copyright Office on or about May 24, 1999, and its Certificate of Registration is No. VA 981-825. See Exhibit E to the Complaint.

Plaintiff maintains that the Copyright Certificate of Registration speaks for itself and is *prima facie* evidence of copyrightability and the accuracy of the facts in the Certificate. Defendants claim that the facts are rebuttable.

**Directoire**

"Directoire" was registered in the United States Copyright Office on or about June 30, 2004, and its Certificate of Registration is No. VA 1-266-874. (P0029-30)

**Chalamont**

"Chalamont" was registered in the United States Copyright Office on or about June 30, 2004, and its Certificate of Registration is No. VA 1-266-871. See Exhibit K to the Complaint.

**3. Contested Issues of Fact**

1. Whether Asmara's carpet designs are original copyrightable material, capable of being registered with the United States Copyright Office, and whether information in the Certificate of Registration is accurate;

2. Whether Aga John's carpets are substantially similar to Asmara's carpet designs;

3. Whether Defendants infringed any of Plaintiff's carpet designs;

4. Whether the alleged infringements of Plaintiff's copyrighted designs were willful or innocent infringements;

5. Whether Plaintiff's alleged claims and/or damages are barred or diminished as alleged in Defendants' affirmative defenses; and

6. The damages, if any, suffered by Plaintiff due to the alleged infringements.

**4. Jurisdiction questions**

None. This court has subject matter and personal jurisdiction and venue is proper in this district.

**5. Pending Motions**

There are no pending motions, but there are outstanding discovery issues that the parties are attempting to resolve.

**6. Issues of Law, including Evidentiary Questions and Supporting Authority**

All of the carpets at issue have been registered by Asmara, Inc. in the United States Copyright office. For Asmara's Soleil, Margate and Carlise designs, the Certificates of Registration constitute *prima facie* evidence of copyrightability and accuracy of the facts in the Certificates, because the work was registered within five years after first publication. 17 U.S.C. § 410. Defendants maintain that all such *prima facie* evidence is rebuttable.

With respect to the remaining designs at issue, the design elements created by Asmara and/or the freelance artist that was the co-author of said design meet the standard of originality as set forth in *Feist Publications, Inc. v. Rural Telephone Service Co.*, 499 U.S. 340, 111 S.Ct. 1282 (1991).

With respect to the alleged willfulness of defendants' infringement, no deduction should be made of expenses other than the cost of the carpets sold and sales commissions paid thereon. *Abeshouse v. Ultragraphics, Inc.*, 754 F.2d 467 (2nd Cir. 1985).

With respect to evidentiary questions, Defendants challenge the admissibility of proposed exhibits numbered 41 and 42 on Schedule A attached hereto (P0048-49, P0073-82, and P0084-88).

Whether Plaintiff's alleged claims and/or damages are barred or diminished as alleged in Defendants' affirmative defenses.

**7. Requested Amendments to Pleadings**

There are no requests to amend the pleadings.

**8. Additional Matters to Aid in Disposition of Action**

Asmara expects to introduce evidence that will require audiovisual equipment in the courtroom. This evidence includes photographs and depictions of the carpets at issue. Asmara may also use demonstrative aids to assist the jury. Subject to the Court's direction, counsel will work with court personnel before the trial to make sure that the appropriate equipment is ready and available.

**9. Probable Length of Trial**

The parties anticipate the trial will last no longer than five full days.

**10. Witnesses to be Called**

Abid Ilahi, as President of Asmara and Individually
Asmara, Inc.
88 Black Falcon Avenue, Suite 188
Boston, MA 02210
Tel:   (617) 261-0222
Fax:   (617) 261-0228

Elizabeth Moisan, carpet designer

66 Center Street
Dennisport, MA 02639
Tel: 508-394-3697

Jerry Illoulian, as President of Aga John and Individually
Aga John Oriental Rugs
Suite B130
Pacific Design Center
8687 Melrose Ave
Los Angeles, CA

The plaintiff may also call the following fact witnesses if the need arises:

Patricia O'Connell, Asmara, Inc. employee
Asmara, Inc.
88 Black Falcon Avenue, Suite 188
Boston, MA 02210
Tel:    (617) 261-0222
Fax:    (617) 261-0228

Tracey Schmidt-Casdorff, carpet designer
245 Franklin Street
Morrisville, PA 19067
Tel: 215-736-1611

John Stark, CEO and owner of Stark Carpet
Rick Zolt, Stark Carpet employee
Stark Carpet
979 Third Avenue
New York, NY 10022

Defendants may call the following witnesses if the need arises:

Custodian of Records of Asmara, Inc.
88 Black Falcon Avenue, Suite 188
Boston, MA 02210
Tel:    (617) 261-0222
Fax:    (617) 261-0228

Various staff of Aga John
Aga John Oriental Rugs
Suite B130
Pacific Design Center
8687 Melrose Ave
Los Angeles, CA

**11. List of proposed exhibits**

A proposed Exhibit List is attached hereto as Schedule A. Both parties reserve the right to object to the admissibility of all documents listed on the proposed exhibit list.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | ASMARA, INC., |
|  | By its attorneys, |
| Dated: September 13, 2006 | /s/ Amy C. Mainelli<br>William S. Strong, Esq., BBO #483520<br>Amy C. Mainelli, Esq., BBO #657201<br>KOTIN, CRABTREE & STRONG, LLP<br>One Bowdoin Square<br>Boston, MA 02114<br>(617) 227-7031<br>(617) 367-2988 (fax) |

AGA JOHN ORIENTAL RUGS
and
JERRY ILLOULIAN,

Defendants,

By their attorneys:

/s/ Andrew D. Epstein
Andrew D. Epstein, BBO #155140
Barker, Epstein & Loscocco
10 Winthrop Square
Boston, MA 02110
Tel: (617) 482-4900

Richard Davidoff, Esq.
Davidoff & Davidoff
433 N. Camden Drive
Suite 888
Beverly Hills, CA 90210